UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WORLD FUEL SERVICES, INC.,

    Plaintiff,

v.                                                CASE NO.: _____

THRIFTY PROPANE, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, WORLD FUEL SERVICES, INC. ("WFS"), by and through undersigned counsel, sues Defendant, THRIFTY PROPANE, INC. ("Defendant"), and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for monetary damages in excess of $75,000.00, exclusive of interest, attorneys' fees, and related costs.

2. WFS is a corporation duly organized and existing under the laws of the State of Texas, duly qualified to conduct business in the State of Florida, with its principal place of business located in Miami-Dade County, Florida.

3. WFS and its affiliates are engaged in, among other things, the business of providing propane fuel to propane dealers.

4. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located in Medina County, Ohio. Upon information and belief, Defendant is a propane dealer that sells propane directly to consumers.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) in that (a) the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and (b) WFS is a citizen of the States of Texas and Florida, and Defendant is a citizen of the State of Ohio.

6. Furthermore, jurisdiction is appropriate by virtue of the contract establishing the relationship between the parties in which the parties expressly agreed that "[a]ny disputes concerning quality or quantity shall only be resolved in a court of competent jurisdiction in Miami, Florida." Moreover, the contract provides that "[d]isputes over payment and collection may be resolved in . . . Florida." Defendant has also "waive[d] the right to object, with respect to such Proceedings, that such court does not have any jurisdiction over [Defendant]."

7. Venue is proper in the Southern District of Florida by virtue of the aforementioned contract in which the parties agreed that their disputes regarding "quality or quantity" shall only be resolved in Miami, Florida, and that disputes regarding "payment and collection" may be resolved in Florida. Defendant expressly "waive[d] any objection which it may have at any time to the laying of venue of any Proceedings brought in any such court, [and] waive[d] any claim that such Proceedings have been brought in an inconvenient forum."

8. All conditions precedent to the maintenance of this action have been performed, have been waived, or have occurred.

## COUNT I
## (BREACH OF CONTRACT)

9. WFS incorporates by reference the allegations of Paragraphs 1 through 8 above as if fully stated herein.

10. Defendant entered into a contractual relationship with WFS to purchase from WFS propane fuel, as evidenced by the Road Fuels General Terms and Conditions (the "GTCs"), and two contracts or confirmations (together with the "GTCs," the "Agreement").

11. Defendant agreed that all purchases of propane fuel from WFS would be subject to the Agreement. Pursuant to the Agreement, Defendant agreed to accept delivery of a certain minimum amount of propane fuel from WFS per month at particular pricing. Contract #50, dated March 6, 2015, provides for delivery of propane at Scio, Ohio, for the period April 1, 2015, through March 31, 2016. Contract #51, dated April 24, 2015, provides for delivery of propane at Oregon, Ohio, for the period May 1, 2015, through Mach 31, 2016.

12. Pursuant to the Agreement, Defendant is required to pay the monthly delivery price for the minimum amount of propane fuel prior to the month's delivery taking place. After prepayment of the minimum amount of propane fuel each month, Defendant is required to lift this designated amount of propane from Defendant and accept delivery. Since December 2015, Defendant has failed and refused to pay the applicable monthly delivery price and has failed and refused to accept delivery of the minimum lift amounts of propane.

13. Defendant's failure to pay for and accept delivery of the minimum lift amounts of propane fuel required under the Agreement constitutes a material breach of contract, and has caused WFS to suffer damages and to continue to suffer damages in the future.

14. Defendant has also failed and refused to pay WFC for certain loads of propane actually lifted by Thrifty under the Agreement. This also constitutes a material breach of contract, and has caused WFS to suffer damages and to continue to suffer damages.

15. Defendant is indebted to WFS, based on the Agreement, and invoices related thereto, in the current aggregate amount of $799,476.79 plus interest and late fees. In addition,

Defendant's debt to WFS will continue to increase if Defendant continues to refuse to pay for and lift the monthly minimum amounts of propane under the Agreement.

16. Pursuant to Section 18 of the GTCs, WFS is entitled to recover from Defendant all reasonable costs, expenses, and experts' and attorneys' fees incurred in connection with this litigation.

**WHEREFORE**, WFS respectfully prays that this Court enter judgment against Defendant for all amounts due, including any late fees, pre-judgment and post-judgment interest, attorneys' fees and costs, together with such other and further relief as this Court deems just and proper.

## COUNT II
## (OPEN ACCOUNT)

17. WFS incorporates by reference the allegations of Paragraphs 1 through 8 above as if fully stated herein.

18. This is an action on an open account.

19. Defendant owes WFS the current aggregate amount of $18,853.49, plus interest and late fees that are presently due and owing, as evidenced by the detailed statement of account, attached hereto as **Exhibit "A."**

20. The amounts owing as set forth on Exhibit "A" represent the agreed-on sales price for the propane supplied to Defendant by WFS.

21. The amounts owing as set forth on Exhibit "A" also represent the reasonable value of the propane supplied.

22. WFS is entitled to recover from Defendant all reasonable costs and expenses, including attorneys' fees, incurred in connection with this litigation.

**WHEREFORE**, WFS respectfully prays that this Court enter judgment against Defendant for all amounts due, including any late fees, pre-judgment and post-judgment interest, attorneys' fees and costs, together with such other and further relief as this Court deems just and proper.

### COUNT III
### (UNJUST ENRICHMENT)

23. WFS incorporates by reference the allegations of Paragraphs 1 through 8 above as if fully stated herein.

24. This is an action for unjust enrichment stemming from Defendant's failure to pay for propane delivered to Defendant.

25. WFS conferred the benefit of propane upon Defendant, who has knowledge of such benefit.

26. Defendant voluntarily accepted the benefit of the propane provided by WFS without adequately compensating WFS.

27. By failing to pay WFS for the propane provided by WFS, Defendant has been unjustly enriched. It would be inequitable for Defendant to retain the benefits of the propane without paying the value of the propane to WFS.

**WHEREFORE**, WFS respectfully prays that this Court enter a judgment against Defendant for all amounts due, including any pre-judgment and post-judgment interest, together with such and further relief as this Court deems just and proper.

Dated: March 8, 2016	Respectfully Submitted,

By: */s/ Andrew D. Zaron*
    Andrew D. Zaron
    Florida Bar No. 965790
    **LEÓN COSGROVE, LLC**
    255 Alhambra Circle, Suite 800
    Coral Gables, Florida 33133
    Telephone: (305) 740-1975
    Facsimile: (305) 437-8158
    azaron@leoncosgrove.com

*Counsel for Plaintiff,*
*World Fuel Services, Inc.*